NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3104

JOSEPH F. DE MELO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  August 10, 2005

_____

Before MICHEL, <u>Chief Judge</u>, SCHALL, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Joseph F. De Melo petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming the Office of Personnel Management's ("OPM's") final determination to award Mr. De Melo's former spouse the entire net amount of his retirement annuity.  <u>See</u> <u>De Melo v. Office of Pers. Mgmt.</u>, No. DC0831040153-I-1 (M.S.P.B. Jan. 6, 2005).  We <u>affirm</u>.

BACKGROUND

After Mr. De Melo retired from Federal service, he and his wife divorced.  As a result of the divorce, OPM received a court order issued by the Superior Court of New

Jersey, Chancery Division, Family Part, Union County. This court order directed OPM to pay Mr. De Melo's former spouse "100% of the Retiree's gross monthly annuity."

In a final decision, OPM found the court order acceptable for processing. Because OPM determined that payment could not exceed the net amount of Mr. De Melo's retirement annuity, see 5 C.F.R. § 838.211(b), OPM advised Mr. De Melo that it would pay his former spouse the entire net amount rather than the gross amount of the annuity.

Mr. De Melo filed a petition for review with the Board. Before analyzing the merits of OPM's determination, the administrative judge noted that

> [a]lthough a hearing was initially requested and scheduled in this appeal, on March 1, 2004, during the prehearing conference, after a discussion of the law applicable to this case, [Mr. De Melo] agreed that the appeal would be adjudicated based solely on the parties' written submissions. The hearing scheduled was therefore canceled.

De Melo v. Office of Pers. Mgmt., No. DC0831040153-I-1, (M.S.P.B. Mar. 3, 2004), slip op. at 2. Turning to the merits, the administrative judge indicated that Mr. De Melo did not dispute that the court order was acceptable for processing or that it awarded his former spouse 100% of his gross monthly retirement annuity. According to the administrative judge, Mr. De Melo only presented assertions that were not appropriate for the Board to address. Ultimately, the administrative judge found no basis to disturb OPM's findings, citing 5 U.S.C. § 8345(j)(1), 5 C.F.R. § 838.1004, and 5 C.F.R. § 838.211(b). The initial decision of the administrative judge became final when the full Board denied Mr. De Melo's petition for review.

Mr. De Melo petitions for review of the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We review a decision of the Board to ensure that it is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

Mr. De Melo first argues that the Board's denial of his petition for review is "wrong" because it did not take into account all the evidence he presented to the Board in his petition for review. With regard to this disputation, however, Mr. De Melo does not specifically identify what evidence he believes the Board ignored. Moreover, he has not attempted to demonstrate that with the exercise of due diligence the evidence he presented in his petition for review would not have been available before the close of the record. See 5 C.F.R. § 1201(d)(1) (2004); Wright v. U.S. Postal Serv., 183 F.3d 1328, 1332 (Fed. Cir. 1999).

Next, Mr. De Melo argues that the administrative judge erred in rendering her decision "without consulting the parties involved" by canceling the scheduled hearing. Mr. De Melo admits that there was a prehearing conference, but specifically disagrees with the administrative judge's statement that he "agreed that the appeal would be adjudicated based solely on the parties' written submissions." Mr. De Melo's contention that he did not agree to waive the hearing directly contradicts the recitation of the facts in the administrative judge's initial decision. Mr. De Melo, however, must show "well-nigh irrefragable proof" to overcome the "strong presumption in the law that administrative actions are correct and taken in good faith." Sanders v. U.S. Postal

Serv., 801 F.2d 1328, 1331 (Fed. Cir. 1986). Mr. De Melo's uncorroborated contention fails to overcome that presumption.

Mr. De Melo additionally contends that the New Jersey court did not "divide" his retirement benefits when it awarded 100% of the gross amount of his retirement benefits to his wife. Mr. De Melo points us to an OPM regulation, which states:

> A former spouse is entitled to a <u>portion</u> of an employee's retirement benefits only to the extent that the <u>division</u> of retirement benefits is expressly provided for by the court order. The court order must divide employee retirement benefits, award a payment from employee retirement benefits, or award a former spouse annuity.

5 C.F.R. § 838.1004(a) (2004) (emphases added). Indeed, this regulation refers to a former spouse being entitled to a "portion" of retirement benefits when the "division" of benefits is expressly provided in an appropriate court order. The relevant statute, however, requires OPM to pay annuities "in whole or in part":

> Payments under this subchapter which would otherwise be made to an employee, Member, or annuitant based on service of that individual shall be paid (<u>in whole or in part</u>) by the Office to another person if and to the extent expressly provided for in the terms of–
>
> > (A) any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation . . . .

5 U.S.C. § 8345(j) (2000) (emphasis added). Thus, the regulation's references to a "portion" and a "division" of benefits cannot properly be read to require OPM only to honor partial awards of annuities. In other words, OPM was required to honor the court order's award of the entire retirement annuity to Ms. De Melo.

05-3104                                    4

Mr. De Melo also maintains that the Board erred by failing to take into account his numerous mental and physical health problems. OPM, however, has no discretionary authority to modify the plain language of the court order for any mitigating reason, including a mental or physical health problem. OPM is required by statute to pay the amount expressly provided for in the terms of the court order. See id.

Finally, Mr. De Melo points out that the New Jersey court made its decision without his acknowledgment, consultation, or presence. According to Mr. De Melo, the court order was arbitrary and capricious, an abuse of judicial discretion, and illegal for lack of proper procedure. Specifically, Mr. De Melo alleges that some of the allegations made by the New Jersey court, and particularly ones related to his finances, are unsubstantiated and false. Mr. De Melo is unable to point to any statute or regulation authorizing OPM, the Board, or this Court to review the underlying merits of a state court divorce order disposing a retirement annuity in a divorce proceeding, and we decline the invitation to do so. In short, this is not the proper forum for challenging the underlying merits of the New Jersey court's order.

We have reviewed the Board's final decision, and we find that it is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence.

CONCLUSION

For the foregoing reasons, we affirm the final decision of the Board.